Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. HARSHAD PATEL and RICHARD ARJUN KAUL, M.D.,<br><br>*Plaintiffs*,<br><br>v.<br><br>RICHARD CRIST, et al.,<br><br>*Defendants*. | Civil Action No. 19-8946<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

Presently pending before the Court are motions to dismiss filed by (1) Allstate Insurance Company, Richard Crist and Benjamin Hickey (collectively, the "Allstate Defendants"), D.E. 46, and (2) the State of New Jersey, Office of the New Jersey Attorney General, Office of the Commissioner of the New Jersey Department of Banking and Insurance, and Office of the Insurance Fraud Prosecutor (collectively, the "State Defendants"), D.E. 48. Plaintiffs filed a letter in opposition to the motions, D.E. 67, to which Defendants replied, D.E. 70, 71. The Court reviewed the submissions made in support and opposition to the motions and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).[1] For the reasons that follow, Defendants' motions are **GRANTED**.

---

[1] The Allstate Defendants' brief in support of their motion to dismiss, D.E. 47, will be referred to as "Allstate Def. Br."; the State Defendants' brief in support of their motion to dismiss, D.E. 48-1, will be referred to as "State Def. Br."; Plaintiffs' letter in opposition, D.E. 67, will be referred to as "Plf. Opp."; the State Defendants' reply brief, D.E. 70, will be referred to as "State Def. Reply"; and the Allstate Defendants' reply brief, D.E. 71, will be referred to as "Allstate Def. Reply".

1

I. **INTRODUCTION**

Through their Amended Complaint, Plaintiffs Dr. Harshad Patel and Richard Arjun Kaul, M.D., in essence, seek to have the New Jersey Insurance Fraud Prevention Act ("IFPA"), N.J.S.A. 17:33A-20, *et seq.*, repealed. Plaintiffs allege that the IFPA is unconstitutional and, among other things, seek a declaratory judgment stating that all judgments and settlements entered against healthcare providers pursuant to the IFPA are null and void. Am. Compl. at 27.

Plaintiffs filed initially filed suit in this matter in the Northern District of Georgia. D.E. 1. On February 12, 2019, the Court entered an order requiring Plaintiffs to show cause why venue was proper in the Northern District of Georgia. D.E. 4. After considering the parties' responses to the order to show cause, the Court determined that the Northern District of Georgia was an improper venue. Accordingly, this matter was transferred to the District of New Jersey on March 24, 2019.[2] D.E. 22. Defendants subsequently filed their motions to dismiss on May 24, 2019, seeking to dismiss the Amended Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). D.E. 46, 48.

Plaintiffs filed a letter in opposition to both motions to dismiss. In their opposition, Plaintiffs state that the IFPA is unconstitutional and attached a spreadsheet listing damages and punishments that are permissible under the IFPA that are not available under presumably similar insurance fraud prevention statutes in other states. Plf. Opp., D.E. 67. Plaintiffs' opposition letter, however, fails to address any of Defendants' arguments as to dismissal. After the motions to dismiss were filed, Plaintiffs also submitted a number of letters and certifications on the docket

---

[2] When this case was transferred, it was initially assigned to Judge McNulty. On May 22, 2019, Judge McNulty prospectively recused himself from this matter and three related cases due to a perceived conflict of interest. D.E. 45. All four matters were transferred to Judge Martinotti on June 5, 2019. D.E. 50. The four matters were transferred to the undersigned on December 19, 2019, due to a conflict of interest with Judge Martinotti. D.E. 82.

that, among other things, appear to provide additional factual support for Plaintiffs' claims. D.E. 54, 55, 65, 66. Again, in each of these submissions, Plaintiffs do not counter any of the arguments Defendants raised in their motions to dismiss. The Allstate Defendants and State Defendants also filed reply briefs. D.E. 70, 71.

## II. <u>LEGAL STANDARD</u>

In deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because that distinction determines how the pleading is reviewed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015). For a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003). The burden is on the plaintiff to prove the Court has jurisdiction. *Id.*

Here, Defendants argue that as pled, Plaintiffs lack standing to assert their claims. Allstate Def. Br. at 18-23; State Def. Br. at 11-16. Thus, Defendants raise a facial attack. *See Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 320 (3d Cir. 2018) (explaining that challenge to standing before answer was filed is "by definition, a facial attack"). Accordingly, the Court limits its review to allegations in the Amended Complaint.

## III. <u>ANALYSIS</u>

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Standing to sue is a "[c]omponent

3

of the case-or-controversy" requirement. *Id.* Thus, a court must dismiss a case for lack of subject matter jurisdiction if a plaintiff lacks Article III standing. *Finkelman v. Nat'l Football League*, 810 F.3d 187, 195 (3d Cir. 2016). To establish Article III standing, a plaintiff "must demonstrate '(1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision.'" *Id.* at 193 (quoting *Neale v. Volvo Cars of N. Am., LLC,* 794 F.3d 353, 358–59 (3d Cir. 2015) (internal quotation marks omitted and punctuation modified)). The first element, an injury-in-fact, requires that a plaintiff show "'the invasion of a concrete and particularized legally protected interest' resulting in harm 'that is actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Blunt v. Lower Merion Sch. Dist.,* 767 F.3d 247, 278 (3d Cir. 2014)). Moreover, a plaintiff "must clearly and specifically set forth facts sufficient to satisfy . . . standing" as "a federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990).

In this instance, Plaintiffs fail to establish standing. The Amended Complaint broadly addresses allegations of harm to the public and unnamed healthcare professionals as a result of the IFPA. But "[i]t is not enough to assert a generalized, abstract grievance shared by a large number of similarly situation people." *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 258 (3d Cir. 2009). In fact, the Amended Complaint only discusses Plaintiffs' alleged harm in a single sentence. In Count Four, which alleges that the IFPA violates the Fifth Amendment, Plaintiffs allege that they "have been denied access to exculpatory evidence," are "subject to verbal abuse and harassment from corrupted state court judges," and that pursuant to its powers under the IFPA, Allstate "illegally revoked" Plaintiff Kaul's medical license." Am. Compl. at 24. Plaintiffs, however, fail to clarify what the exculpatory evidence is for or how it relates to the IFPA, explain

4

the circumstances of the alleged abuse and harassment, or provide details as to how Allstate was able to revoke Kaul's state medical license. These vague and unsubstantiated allegations are not sufficient to establish that Plaintiffs suffered an injury-in-fact as a result of the IFPA. Accordingly, Plaintiffs fail to establish that they have standing to assert any of their claims. Without Article III standing, this Court lacks subject matter jurisdiction over the matter.[3]

## IV. CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss, D.E. 46, 48, are **GRANTED**. Plaintiffs shall have thirty (30) days to file an amended complaint, which cures the deficiencies noted herein. If Plaintiffs do not file an amended pleading, the dismissed claims will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: January 7, 2020

                                             John Michael Vazquez, U.S.D.J.

---

[3] Because this Court lacks subject matter jurisdiction, the Court will not address Defendants' remaining arguments as to dismissal of the Amended Complaint.

5