**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. HARSHAD PATEL and RICHARD ARJUN KAUL, M.D., *Plaintiffs*, v. RICHARD CRIST, et al., *Defendants*. | Civil Action No. 19-8946  **OPINION** |

**John Michael Vazquez, U.S.D.J.**

      Presently pending before the Court are motions to dismiss the Second Amended Complaint by (1) the State of New Jersey, Office of the New Jersey Attorney General, Office of the Commissioner of the New Jersey Department of Banking and Insurance, and Office of the Insurance Fraud Prosecutor (collectively, the "State Defendants"), D.E. 93, and (2) Allstate Insurance Company, Richard Crist, and Benjamin Hickey (collectively, the "Allstate Defendants"), D.E. 94. Plaintiff Dr. Harshad Patel filed a letter in opposition to the motions, D.E. 98, to which Defendants replied, D.E. 99, 100. The Court reviewed the submissions made in support and opposition to the motions[1] and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Defendants' motions

---

[1] The State Defendants' brief in support of their motion to dismiss, D.E. 93-1, will be referred to as "State Def. Br."; the Allstate Defendants' brief in support of their motion to dismiss, D.E. 95, will be referred to as "Allstate Def. Br."; Plaintiff Patel's letter in opposition, D.E. 98, will be referred to as "Plf. Opp."; the State Defendants' reply brief, D.E. 100, will be referred to as "State Def. Reply"; and the Allstate Defendants' reply brief, D.E. 99, will be referred to as "Allstate Def. Reply".

1

are **GRANTED**.

## I.     FACTUAL[2] AND PROCEDURAL BACKGROUND

Through their Second Amended Complaint (the "SAC"), Plaintiffs Dr. Harshad Patel and Richard Arjun Kaul, M.D., in essence, seek to have the New Jersey Insurance Fraud Prevention Act ("IFPA"), N.J.S.A. 17:33A-20, *et seq.*, repealed.  Plaintiffs allege that the IFPA is unconstitutional and, among other things, seek a declaratory judgment stating that all judgments and settlements entered against healthcare providers pursuant to the IFPA are null and void.  SAC at 27.

Plaintiffs initially filed suit in this matter in the Northern District of Georgia.  D.E. 1.  On February 12, 2019, the district judge entered an order requiring Plaintiffs to show cause why venue was proper in the Northern District of Georgia.  D.E. 4.  After considering the parties' responses, the judge determined that the Northern District of Georgia was an improper venue.  The matter was then transferred to the District of New Jersey on March 24, 2019.  D.E. 22.

Defendants subsequently filed motions to dismiss on May 24, 2019, seeking to dismiss the Amended Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  D.E. 46, 48.  On January 7, 2020, this Court granted Defendants' motions to dismiss for lack of standing.  D.E. 84, 85.  Plaintiffs were granted leave to file an amended complaint, which they filed on February 11, 2020.  D.E. 89.  Defendants followed with the instant motions to dismiss, seeking to dismiss the SAC due to lack of subject matter jurisdiction and for failure to state a claim. D.E. 93, 94.  While Plaintiff Patel filed a letter in opposition to both motions, it fails to address any of Defendants' arguments as to dismissal.  Rather, in the letter, Patel provides a list of doctors

---

[2] The facts are derived from the Second Amended Complaint.  D.E. 89.  When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

2

who were allegedly prosecuted for insurance fraud, many of which are of Indian descent.  D.E. 98.  Defendants filed briefs in reply.  D.E. 99, 100.

## II.     LEGAL STANDARD

In deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because that distinction determines how the pleading is reviewed.  *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015).  For a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).  The burden is on the plaintiffs to prove the Court has jurisdiction. *Id.*

Here, Defendants argue that as pled, the Court lacks subject matter jurisdiction to hear Plaintiffs' claims.  Thus, Defendants raise a facial attack.  *See Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 320 (3d Cir. 2018) (explaining that challenge to standing before answer was filed is "by definition, a facial attack").  Accordingly, the Court limits its review to allegations in the SAC.

For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

Because Plaintiffs are proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

### III. ANALYSIS

Defendants again argue that Plaintiffs lack standing to assert their claims here. "Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Standing to sue is a "[c]omponent of the case-or-controversy" requirement. *Id.* Thus, a court must dismiss a case for lack of subject matter jurisdiction if a plaintiff lacks Article III standing. *Finkelman v. Nat'l Football League*, 810 F.3d 187, 195 (3d Cir. 2016). To establish Article III standing, a plaintiff "must demonstrate '(1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision.'" *Id.* at 193 (quoting *Neale v. Volvo Cars of N. Am., LLC,* 794 F.3d 353, 358–59 (3d Cir. 2015) (internal quotation marks omitted and punctuation modified)). The first element, an injury-in-fact, requires that a plaintiff show "'the invasion of a concrete and particularized legally protected interest'

resulting in harm 'that is actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 278 (3d Cir. 2014)). Moreover, a plaintiff "must clearly and specifically set forth facts sufficient to satisfy . . . standing" as "a federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990).

The Court dismissed the Amended Complaint because it broadly addressed allegations of harm to the public and unnamed healthcare professionals as a result of the IFPA but did not sufficiently plead facts demonstrating that Plaintiffs suffered an injury in fact because of the IFPA. Jan. 7 Opinion at 4-5. The SAC pleads no new factual allegations that could establish standing as to Kaul. As discussed, vague and unsubstantiated allegations are not sufficient to establish that Kaul suffered an injury-in-fact as a result of the IFPA. *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 258 (3d Cir. 2009). Accordingly, Kaul fails to establish that he has standing to assert any claims here, and the SAC is dismissed as to him.

The State Defendants also argue that Patel lacks standing because he still fails to assert a ripe, cognizable Article III injury. State Def. Br. at 16. But the SAC does include new allegations that Patel incurred largely monetary harm because he was involved in a case in which IFPA claims were asserted against him. SAC at 19-21. Thus, Patel alleges an actual injury that was caused by his alleged violation of the IFPA, and a determination that the IFPA is unconstitutional could conceivably provide a remedy to Patel. *See Juzwin v. Asbestos Corp., Ltd.*, 900 F.2d 686, 692 (3d Cir. 1990) ("Where a state statute is held to violate the federal Constitution, the retroactivity *vel non* of that holding is similarly a matter of federal law which we must determine independently." (quoting *Cohn v. G.D. Searle & Co.*, 784 F.2d 460, 463 (3d Cir. 1986))). As a result, Patel pleads sufficient facts to demonstrate that he has standing to assert his constitutional challenges. The

5

State Defendants' motion, therefore, is denied on these grounds.

Next, Defendants contend that the SAC should be dismissed in its entirety pursuant to Rule 12(b)(6) because it consists of conclusory allegations devoid of factual support and is implausible. *See, e.g.*, Allstate Def. Br. at 10-11. The Court agrees. Plaintiffs' overarching theme is that Defendant Allstate bribed New Jersey state legislators to pass the IFPA, which is unconstitutional, and for the past 22 years, Defendants have knowingly used the unconstitutional law to harass Indian physicians. SAC at 8-9. Plaintiffs allege that there were and are closed-door meetings between Defendants to continue their scheme of political corruption, that secret computer servers are and were used to illegally exchange information, and that bribes are and were paid to state legislators and judges to continue the decades-long conspiracy. *Id.* at 11-12. All of Plaintiffs' claims in the SAC are dependent on these theories.

Plaintiffs' allegations are entirely conclusory and, frankly, implausible. The SAC fails to include any specific allegations to support Plaintiffs' outlandish allegations. For example, Plaintiffs do not allege which state legislators were bribed, how the bribes to the state legislators or judges occurred, or where the secret servers are housed. Similarly, Plaintiffs do not include sufficient allegations by which the Court could infer that a conspiracy exists between Allstate or any other Defendant. Without factual allegations to support the conclusory and implausible theories in the SAC, Plaintiffs fail to state a claim. Thus, the SAC is dismissed in its entirety.[3]

When dismissing a claim, a court must grant leave to amend "absent evidence that amendment would be futile or inequitable." *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). An amended complaint would be futile if it "would fail to state a claim upon which relief could be

---

[3] Because the Court is dismissing the SAC in its entirety on these grounds the Court does not address the parties' remaining arguments as to dismissal.

6

granted." *Id*. at 115. Given Plaintiffs' theories, the Court has serious concerns that any attempted amendment will be futile. Usually, the Court would provide Plaintiffs with an additional opportunity to amend their pleading in light of Plaintiffs' *pro se* status. But here, Plaintiffs make virtually identical allegations in another case, *Patel v. Crist*, Civ. No. 19-9232. In that case, the Court's January 7, 2020 Opinion outlined the factual deficiencies of Plaintiffs' allegations, D.E. 80, 81, Civ. No. 19-9232, and Plaintiffs made no effort to address the factual shortcoming in either matter. As a result, the Court infers that Plaintiffs are unable to remedy the factual deficiencies. The Court, therefore, concludes that any potential amendment would be futile.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss, D.E. 93, 94, are **GRANTED**. Plaintiff Richard Arjun Kaul, M.D. is dismissed as a plaintiff in this matter pursuant to Rule 12(b)(1) without prejudice, and the Second Amended Complaint is **DISMISSED with prejudice** pursuant to Rule 12(b)(6). An appropriate Order accompanies this Opinion.

Dated:    October 20, 2020

                                                                                                        _____

                                                                                                        John Michael Vazquez, U.S.D.J.